A99A2339. DAVIS v. BEASLEY TIMBER COMPANY, INC.
(527 SE2d 221)

BLACKBURN, Presiding Judge.

Garvis Davis appeals the trial court's order granting defendant Beasley Timber Company, Inc.'s motion for summary judgment in the underlying negligence action. This appeal concerns whether Fred L. Miles was an independent contractor or an employee of Beasley Timber. Because the evidence shows an issue of material fact

---

[10] *King Indus. Realty v. Rich,* 224 Ga. App. 629, 631 (3) (481 SE2d 861) (1997).

remains as to whether Miles was an independent contractor, we reverse.

> On appeal of the grant of summary judgment, this Court applies a de novo review of the evidence to determine whether any question of material fact exists. Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). A defendant meets this burden by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. All of the other disputes of fact are rendered immaterial.

(Citations and punctuation omitted.) *Phelps v. BellSouth Advertising &c. Corp.*, 235 Ga. App. 147, 148 (508 SE2d 779) (1998).

Our de novo review of the record reveals plaintiff Davis and defendant Miles were involved in a collision in which Davis was injured. At the time of the accident, Miles was driving a tractor-trailer which was loaded with logs. As a result of the accident, Davis brought the underlying action against Miles and John C. Moore d/b/a C. Moore Trucking. After conducting discovery, Davis amended his complaint to add Beasley Timber and Susan Spell Moore d/b/a C. Moore Trucking.

1. In its motion for summary judgment, Beasley Timber contends that Miles was an independent contractor and that, therefore, it cannot be responsible for any negligent acts alleged against Miles.

> The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer. In determining whether the relationship of parties under a contract for performance of labor is that of employer and servant or that of employer and independent contractor, the chief test lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work as distinguished from the right merely to require certain definite results in conformity to the contract. Where the contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control. On the other hand, where the contract specifies that the employee's status shall be

that of independent contractor but at the same time provides that he shall be subject to any rules or policies of the employer which may be adopted in the future, no such presumption arises.

(Citations and punctuation omitted.) *Ross v. Ninety-Two West, Ltd.*, 201 Ga. App. 887, 891-892 (412 SE2d 876) (1991). See also OCGA §§ 51-2-4; 51-2-5.

Both Miles and his sister, Susan Spell, deposed that, at the time of the collision, Miles drove a truck for Spell d/b/a C. Moore Trucking but was under contract with Beasley Timber. Beasley Timber paid C. Moore Trucking a certain amount for each load that was hauled. Spell then paid Miles 30 percent of the gross amount received from Beasley Timber. As the driver, Miles was not responsible for the upkeep on the tractor or the trailer. Spell rented the trailer from Beasley Timber which made any necessary repairs to it, and Spell arranged for any repairs to the tractor. Spell provided gas, log chains, flags, and log lights. Spell carried insurance on the tractor.

Beasley Timber told Miles to show up between 6:00 and 7:00 a.m. for his first load and not to show up after 6:00 to 6:30 p.m. for a new load. Beasley Timber also told Miles where to take each load. Miles determined what route to take to each mill and could stop on the way for business or personal reasons. Miles testified that either he or the Beasley Timber employee loading the trailers would decide how many loads he would take in a day.

Beasley Timber gave Miles a handbook on company policy and explained the company's "Do's and Don'ts." Although normally Miles took the tractor and trailer home with him every night, Beasley Timber could instruct him to leave it in a certain area of the woods for the night.

Although there is evidence to support the conclusion that Miles was an independent contractor, i.e., method of payment and ability to make personal stops on the way to the mill, there is also evidence to support the conclusion that Beasley Timber maintained sufficient control over Miles so that he can be considered an employee, i.e., instructions regarding company policies and direction regarding timing and destination of hauls. Under these circumstances, we cannot say that the evidence is undisputed.

Beasley Timber contends that the trial court improperly relied upon depositions that were taken before it was added as a party. However, we need not reach this issue, because our review of only the evidence taken by representatives of Beasley Timber creates issues of material fact as to whether Miles was an independent contractor.

2. Due to our holding in Division 1, we need not reach whether the alleged violation of OCGA § 40-8-27 (requiring a red light at the

end of a load on a trailer under certain conditions) created liability pursuant to OCGA § 51-2-5 (4) (employer is liable for negligence of contractor if wrongful act is the violation of a duty imposed by statute).

*Judgment reversed. Eldridge and Barnes, JJ., concur.*

DECIDED DECEMBER 15, 1999 —
RECONSIDERATION DENIED JANUARY 5, 2000 — 

*Jones & Smith, Julian B. Smith, Jr., Harrison & Wall, Milton Harrison*, for appellant.

*Newton, Smith, Durden, Kaufold, Rice & Trimble, Wilson R. Smith*, for appellee.