A06A0771. DRAKE v. DRAKE.
(632 SE2d 165)

MIKELL, Judge.

In this discretionary appeal, Robert B. Drake contends that the trial court erred in denying his complaint to establish child support. For reasons that follow, we affirm the judgment.

The record shows that appellant Robert B. Drake and appellee Darlia May Drake were divorced by a court decree that incorporated a settlement agreement of the parties. The divorce decree awarded the parties joint legal and physical custody of their two minor children. Paragraph 3 (a) of the settlement agreement provided that, "due to the shared custody of the two (2) minor children of the marriage, neither party would be responsible for Child Support." Paragraph 3 (b) provided that,

> [b]ased upon all of the foregoing, each party is presently relieved of making any payment to the other party for the support and maintenance of the parties' minor children. However, the parties acknowledge and agree that this financial arrangement is subject to modification based upon the future circumstances of the parties' respective employment and financial status. Specifically, [appellant] has been a stay-at-home parent and is presently unemployed, but seeking full time employment. Upon the [appellant] securing

---

[21] (Citation and footnote omitted.) *Lewis v. State*, 275 Ga. App. 41, 44 (3) (619 SE2d 699) (2005).
[22] *Glass*, supra.

such full-time employment, the parties specifically recognize and acknowledge their respective rights to petition a court of competent jurisdiction in order to seek an award of child support based upon the parties' then respective employment and relative financial status.

Appellant later filed this action to establish child support.[1] The trial court ruled that the settlement agreement was not silent on the issue of child support, treated appellant's complaint as one to modify rather than to establish child support, and denied the request, finding that a modification was not warranted since appellant's financial situation had improved and appellee's had declined. When appellant moved for reconsideration, the trial court denied the motion, reiterating that appellant should have moved for a modification of child support. The trial court also noted that appellant "may be trying to avoid this because he cannot show a substantial change in circumstance."

1. Appellant complains that the trial court erred in treating his action as one to modify child support. Specifically, appellant argues that the trial court ignored the intent of the parties as expressed in the settlement agreement. Paragraph 3 (b) of the settlement agreement provided for the establishment of child support upon appellant obtaining full-time employment, whereas paragraph 7 of the settlement agreement provided the "general boilerplate language mentioning each parties' ability to modify his/her child support obligation."[2]

Where a divorce decree is silent as to child support, OCGA § 19-7-2 provides the right to institute an original action for an award of child support.[3] However, an action for modification "is the *exclusive* remedy for obtaining a provision supplementing the child support award contained in a divorce judgment."[4] In this case, the settlement

---

[1] According to appellant's brief, in January 2005, he found a full-time job earning $8 per hour. Prior to this, he had been a stay-at-home dad. His wife earned $64,236 per year.

[2] We note that the settlement agreement is not included in the appellate record. The record contains only a recitation by the trial court of paragraphs 3 (a) and (b).

> It is not the function of this court to cull the record on behalf of a party; the burden is upon the party asserting error to show it affirmatively in the record. Furthermore, it is the responsibility of the parties, not this court, to ensure that all documents relevant to the disposition of an appeal are duly filed with the clerk of this court before the issuance of our appellate decision.

(Footnotes omitted.) *AdvanceMe v. Finley*, 275 Ga. App. 415, 416 (1) (620 SE2d 655) (2005). Accordingly, to the extent any other provisions of the settlement agreement are at issue, we must defer to the trial court's implicit findings. See *Jacobs v. Thomson Oak Flooring*, 250 Ga. App. 56, 60 (3) (550 SE2d 465) (2001).

[3] See *Hackbart v. Hackbart*, 272 Ga. 26, 27 (526 SE2d 840) (2000); *Conley v. Conley*, 259 Ga. 68, 69 (3) (377 SE2d 663) (1989).

[4] (Emphasis in original.) *Pearson v. Pearson*, 265 Ga. 100 (454 SE2d 124) (1995), citing

agreement was not silent as to child support. Accordingly, the trial court correctly treated appellant's action as one for modification.

The trial court was correct for another reason. In *Conley*,[5] our Supreme Court held that the responsibility to pay a portion of a child's medical and/or dental expenses counts as an obligation to pay child support.[6] Accordingly, regardless of how paragraphs 3 (a) and (b) are construed, other provisions in the settlement agreement may have provided for the payment of medical and/or dental expenses, thus requiring appellant to file a modification action. As the settlement agreement was not included in the appellate record, we must assume that the judgment below was correct and affirm.

2. In his second enumeration, appellant claims that the trial court erred by not awarding child support, but he provides no specific argument, no case law, and no citations to the record to support this contention. Thus, appellant has violated Court of Appeals Rule 25 (c), and his argument is deemed abandoned.[7] Even if we were to consider this argument, there is no transcript of the modification hearing included in the record. Accordingly, there is nothing for us to review.[8]

*Judgment affirmed. Blackburn, P. J., and Adams, J., concur.*

DECIDED MAY 25, 2006 — 

*Lawrence D. Kupferman*, for appellant.
*Paul B. Kemeness*, for appellee.

---

*Foster v. Foster*, 260 Ga. 813, 814 (2) (400 SE2d 629) (1991).

[5] Supra.

[6] Id. at 69-70 (2), (3), (4).

[7] "Any enumeration of error which is not supported in the brief by citation of authority or argument may be deemed abandoned." Court of Appeals Rule 25 (c) (2).

[8] See *Avery v. Avery*, 224 Ga. 516, 517 (162 SE2d 718) (1968).