A07A0933. WOODYARD v. JONES.
(646 SE2d 306)

BLACKBURN, Presiding Judge.

In this dispute over the use of an easement, Walter Woodyard appeals the denial of his motion to dismiss Eric Jones's complaint for lack of service of process and the judgment in favor of Jones, arguing that the trial court erred by adopting Jones's proposed order as its final order and by not noting the denial of Woodyard's motion to dismiss in that order. For the reasons set forth below, we affirm.

A trial court's ruling on a motion to dismiss a complaint for insufficient service of process will be upheld on appeal absent a showing of an abuse of discretion. *Patel v. Sanders.*[1] "Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is *any evidence* to support them." (Emphasis in original.) Id. See *Franchell v. Clark.*[2] So viewed, the record shows that Woodyard and Jones own neighboring lots with an alley abutting the back of both of their respective properties. The two became involved in a dispute over use of the alley after Woodyard

---

[1] *Patel v. Sanders,* 277 Ga. App. 152, 153 (1) (626 SE2d 145) (2006).

[2] *Franchell v. Clark,* 241 Ga. App. 128, 131 (3) (524 SE2d 512) (1999).

began blocking access to the portion of the alley directly behind his lot. While Jones claimed that the alley was an easement, Woodyard claimed that he could block access to the alley if he so chose.

Consequently, Jones filed a lawsuit, in which he sought to enjoin Woodyard from blocking the alley. Jones's lawsuit also sought an order declaring the alley to be an easement, and an award of damages for Woodyard's continuing nuisance. A private process server served Woodyard with the complaint on or about May 5, 2006. Woodyard filed no responsive pleadings until the day of the hearing on the matter (October 30, 2006), when he filed an answer and a motion to dismiss the complaint for insufficient service of process. At the hearing, the trial court found that Woodyard had been served and orally denied his motion to dismiss Jones's complaint. After the introduction of further evidence at the hearing, the trial court issued an order enjoining Woodyard from blocking access through the alley, declaring that the alley was an easement, and awarding Jones continuing nuisance damages as well as attorney fees. This appeal followed.

1. Woodyard contends that the trial court erred in denying his motion to dismiss Jones's complaint for insufficient service of process, arguing that the court abused its discretion by not including or otherwise noting the oral denial of his motion in its final order. We disagree.

In this matter, Woodyard makes no argument and cites no legal authority in support of his claim that the trial court's failure to specifically note its oral denial of his motion to dismiss in its final written order constituted an abuse of discretion. Therefore, this claim is deemed abandoned. Court of Appeals Rule 25 (c). See *Drake v. Drake*.[3] Moreover, the trial court's oral denial of Woodyard's motion to dismiss and its affirmative finding that service of process had been effected were clearly noted in the transcript of the hearing for this matter. In addition, the fact that the trial court's written order granted judgment in favor of Jones, leads inexorably to the conclusion that Woodyard's motion to dismiss the complaint was denied.

2. Although not separately enumerated, Woodyard also contends that the trial court erred in adopting verbatim Jones's proposed order as its final order. We disagree.

"Even when a trial court adopts a proposed order verbatim, the findings of fact therein are those of the court and may be reversed only if they are clearly erroneous." *Fuller v. Fuller*.[4] See *Anderson v. City*

---

[3] *Drake v. Drake*, 279 Ga. App. 576, 578 (2) (632 SE2d 165) (2006).
[4] *Fuller v. Fuller*, 279 Ga. 805, 806 (1) (621 SE2d 419) (2005).

*of Bessemer City.*[5] In addition, "[o]rders prepared ex parte do not violate due process and should not be vacated unless a party can demonstrate that the process by which the judge arrived at them was fundamentally unfair." (Punctuation omitted.) *Fuller*, supra, 279 Ga. at 806 (1). See *In re Colony Square Co.*[6]

Here, Woodyard cites no support for his claim that the trial court's findings of fact or conclusions of law are incorrect. Furthermore, the trial court did not abdicate its adjudicative function, but rather played an independent role in conducting a hearing on this matter, in which Woodyard fully participated with the assistance of counsel. Indeed, Woodyard was given ample opportunity to present his arguments through the introduction of his own testimony and the cross-examination of Jones and Jones's witnesses. Thus, Woodyard has failed to demonstrate either that the process by which the trial court adopted the final order was fundamentally unfair or that the order itself is clearly erroneous. See *Fuller*, supra, 279 Ga. at 806-807 (1); *In re Colony Square Co.*, supra, 819 F2d at 277 (III). Accordingly, the trial court did not abuse its discretion in adopting verbatim Jones's proposed order as its final order.

*Judgment affirmed. Ruffin and Bernes, JJ., concur.*

DECIDED MAY 9, 2007.

*Deming, Parker, Hoffman, Green & Campbell, Christopher O. Stanton, Beverly R. Adams*, for appellant.
*Jeffrey Golomb*, for appellee.

---

[5] *Anderson v. City of Bessemer City*, 470 U. S. 564, 572 (II) (105 SC 1504, 84 LE2d 518) (1985).
[6] *In re Colony Square Co.*, 819 F2d 272, 276 (III) (11th Cir. 1987).