**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**BROWN and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**January 10, 2024**

# In the Court of Appeals of Georgia

A23A1298. WELLPATH, LLC v. COX.

BROWN, Judge.

Joseph Cox sued Heather Lawrenz and WellPath, LLC, for injuries he sustained when Lawrenz allegedly collided with a vehicle driven by Cox. Cox alleged that Lawrenz was acting within the scope of her employment at the time of the collision and that WellPath was therefore liable under the theory of respondeat superior. The trial court denied WellPath's motion to withdraw its admissions and granted Cox's motion for partial summary judgment on the issue of respondeat superior. WellPath appeals these rulings, contending that (1) there is a genuine issue of material fact as to whether Lawrenz was an employee or independent contractor and (2) the trial court

erred in denying WellPath's motion to withdraw its admissions.[1] For the reasons explained below, we (1) reverse the denial of the motion to withdraw and remand for the trial court to reconsider its ruling, and (2) reverse the grant of partial summary judgment to Cox.

> Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. We apply a de novo standard of review to an appeal from a grant or denial of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the light most favorable to the nonmovant.

(Citations and punctuation omitted.) *Augusta Chronicle v. Woodall*, 360 Ga. App. 576 (859 SE2d 617) (2021). Viewed in the light most favorable to WellPath, the nonmoving party, the evidence shows that Lawrenz, a resident of South Carolina, was under contract as an "ambassador" for WellPath, which had a contract to provide medical care to prisons in the State of Georgia. Lawrenz was tasked with assisting prison health service administrators with the transition over to WellPath. According to Lawrenz, those prisons included Dooly, Pulaski, Wilcox, Rutledge, and Bainbridge

---

[1] We are not persuaded by Cox's contention that WellPath abandoned this enumeration.

Correctional, and she was "a contractor that came in to assist [the prisons] with the transition" and also help the prisons prepare for upcoming audits by the American Correctional Association.[2]

On December 14, 2021, Lawrenz stayed in a hotel in Bainbridge. At approximately 6:10 a.m. on December 15, 2021, Lawrenz was driving in her own vehicle from her hotel to either Pulaski or Dooly prison, when she collided with Cox's vehicle. At the time of the collision, Lawrenz was on the phone with her husband; Lawrenz's car was equipped with Bluetooth and her phone would have been connected to the Bluetooth. Cox sustained serious injuries and subsequently filed a complaint against Lawrenz on February 3, 2022.

*Procedural Facts*

In her response to Cox's requests for admission, filed on April 29, 2022, Lawrenz admitted that on the date of the accident, she was a "contractor of WellPath." Lawrenz was deposed on August 26, 2022. The only persons present for the deposition were Cox's attorney, Lawrenz's attorney, and the attorney for the

---

[2] During her deposition, Cox's counsel presented Lawrenz with her "Independent Contractor Agreement," dated August 29, 2021, and asked her specific questions about the wording of the document and who at WellPath presented it to her or whether she had an attorney draw it up.

uninsured motorist carrier. On September 1, 2022, Cox moved to add WellPath as a defendant. The trial court granted the motion, and on September 9, 2022, Cox filed an amended complaint adding WellPath as a defendant and asserting that it was vicariously liable for Lawrenz's alleged negligence based on the doctrine of respondeat superior. WellPath was served with the amended complaint and various discovery requests (interrogatories, requests for production of documents, and requests for admission) on September 20, 2022, but the proof of service was not filed until October 11, 2022.[3] On November 8, 2022, Cox filed a motion for partial summary judgment on the vicarious liability claim, asserting erroneously that because WellPath had failed to respond timely to Cox's requests for admission, it admitted that at the time of the collision, Lawrenz "was an employee and/or agent of Defendant WellPath" and that because WellPath retained the right to control the time, manner, and method of Lawrenz's work, she was not an independent contractor. On the same day, the trial court ordered a "hearing on all issues" for December 15, 2022, and mandated that

---

[3] Pursuant to OCGA § 9-11-4 (h), "[t]he person serving the process shall make proof of such service with the court in the county in which the action is pending within five business days of the service date. If the proof of service is not filed within five business days, the time for the party served to answer the process shall not begin to run until such proof of service is filed." Accordingly, WellPath's answer and discovery responses were not due until November 11, 2022.

WellPath file an answer or responsive pleading within 20 days.[4] WellPath filed an answer and responses to the requests for admission ("RFA") on November 10, 2022. RFA #6 stated, "Please admit that at the time of the December 15, 2021 collision Defendant Lawrenz was an employee and/or agent of Defendant WellPath." In response, WellPath stated, "**Admitted**." In its answer, WellPath also admitted that Lawrenz was an employee on the date of collision, but denied that she was acting within the course and scope of her employment at the time of the incident.

The trial court held a hearing on the motion for partial summary judgment on December 15, 2022. Lawrenz's deposition was filed with the trial court on December 30, 2022. On January 5, 2023, the trial court set a second hearing on the motion for partial summary judgment, to be held on January 16, 2023. On January 13, 2023, WellPath filed a motion to withdraw RFA #6, contending that it was unaware that Lawrenz was an independent contractor until it received a copy of her deposition and deposition exhibits on December 21, 2022, and January 4, 2023, respectively. In support of the motion, WellPath filed the affidavit of Lawrenz's direct supervisor at

---

[4] In a subsequent e-mail to the parties, the trial court noted that the tolling provisions of OCGA § 9-11-4 (h) applied to WellPath's answer and discovery responses.

WellPath, who averred that WellPath hires independent contractors such as Lawrenz to assist it with the transition of multiple prison medical facilities to WellPath's control and that at the time of the collision, Lawrenz was providing services under an independent contractor agreement, and that WellPath did not control the time, manner, or method of Lawrenz's contractual duties. A copy of the independent contractor agreement was attached to the affidavit. On January 16, 2023, the trial court held a second hearing, during which counsel for WellPath explained that it had not been a party to the case when Lawrenz's deposition was taken and that his client had been unable to locate a copy of the agreement; the only copy of the agreement in the possession of WellPath or its counsel was the one produced by Cox's counsel during Lawrenz's deposition.[5]

---

[5] As WellPath explained in its withdrawal motion, WellPath did not have a copy of, and was unaware of the substance of, Lawrenz's deposition until December 21, 2022, well after WellPath submitted its response to RFA #6; "[t]herefore, WellPath did not have the benefit of . . . Lawrenz's full testimony at the time of its initial response." WellPath further explained that it did not have a copy of, and was unaware of the substance of, the independent contractor agreement until January 4, 2023, when Cox's counsel provided WellPath's counsel with the exhibits to Lawrenz's deposition. During the hearing, Cox's counsel admitted that "[n]ot filing [Lawrenz's] deposition" was his mistake and "[t]hat's just something that we . . . had to prevent, falls on us. It was just an oversight."

On January 31, 2023, the trial court entered an order denying WellPath's motion to withdraw its admission and granting Cox's motion for partial summary judgment. As to the former motion, the trial court essentially concluded that it was not credible that WellPath was unaware of the independent contractor agreement given that the agreement was prepared by WellPath and provided to Lawrenz for execution and that the evidence proferred to overturn the admission was not credible. As to the latter motion, the trial court concluded that based on WellPath's admissions, at the time of the collision, Lawrenz was acting as an employee and/or agent of WellPath and was acting within the scope and course of her employment, but that even without the admissions, based upon Lawrenz's deposition testimony, there was evidence that WellPath exercised control over the time, method, and manner of her work such that she should be considered an employee and not an independent contractor, and that at the time of the collision, Lawrenz was acting in the course and scope of her employment with WellPath. This appeal followed.

1. WellPath contends that the trial court erred in denying its motion to withdraw its admission. "We review the trial court's ruling on this issue for an abuse

of discretion." (Citation and punctuation omitted.) *Carter v. VistaCare*, 335 Ga. App. 616, 623 (4) (a) (782 SE2d 678) (2016).

OCGA § 9-11-36 governs requests for admissions. It provides that a party may serve upon another party a written request for the admission of the truth of any matter that is not privileged and is relevant to the pending action. See OCGA § 9-11-36 (a) (1). See also OCGA § 9-11-26 (b) (1). "Pursuant to OCGA § 9-11-36 (b), any matter admitted under this Code section is conclusively established unless the court, on motion, permits withdrawal or amendment of the admission." (Punctuation omitted.) *Njoku v. Adeyemi*, 355 Ga. App. 1, 3 (1) (a) (842 SE2d 317) (2020). "There is a two-pronged test to be employed when considering a motion to withdraw admissions." *Fulton County v. SOCO Contracting Co.*, 343 Ga. App. 889, 897 (2) (a) (808 SE2d 891) (2017). "A court may grant a motion to withdraw (1) when the presentation of the merits will be subserved thereby and (2) the party obtaining the admission fails to satisfy the court that the withdrawal will prejudice maintaining his action or defense on the merits." (Citation and punctuation omitted.) *Crowther v. Estate of Crowther*, 258 Ga. App. 498, 500 (1) (574 SE2d 607) (2002). See also *Turner v. Mize*, 280 Ga. App. 256, 257 (1) (633 SE2d 641) (2006). "If the movant satisfies the

court on the first prong, the burden is on the respondent to satisfy the second prong. Both prongs must be established. . . . If the movant fails to make the required showing to satisfy the first prong of the test, then the trial court is authorized to deny the motion to withdraw the admissions." (Citations and punctuation omitted.) *Fulton County*, 343 Ga. App. at 897 (2) (a). "To demonstrate that the merits of an action would be served by allowing withdrawal of admissions, the moving party must show that the admitted requests either were refutable by admissible evidence having a modicum of credibility or were incredible on their face, *and* that the denial was not offered solely for the purposes of delay." (Citation and punctuation omitted; emphasis supplied.) *Njoku*, 355 Ga. App. at 3 (1) (a).

In its order prepared by Cox's counsel, the trial court found WellPath's argument that it was unaware at the time it made its admission that Lawrenz had executed an independent contractor agreement "not credible" because WellPath had prepared the contractor agreement and provided it to Lawrenz for execution. The trial court also found the evidence submitted by WellPath "in an attempt to overturn the admission . . . not credible in light of the testimony of Defendant Lawrenz." WellPath contends that these rulings are erroneous because (1) "the 'credibility' standard is not

whether the reason proferred for making an erroneous admission is admissible in a trial court's subjective opinion" and (2) the agreement itself, Lawrenz's deposition testimony, and Lawrenz's supervisor's affidavit are all credible evidence supporting withdrawal. Pretermitting whether WellPath's first argument is correct, we conclude that the trial court erred in finding that there was a complete absence of admissible evidence having a modicum of credibility.

The agreement proferred by WellPath in support of its motion to withdraw was exactly the same agreement presented by Cox's counsel and affirmed by Lawrenz during her deposition, where she repeatedly testified that she was a "contractor." Under these circumstances, we fail to see how the evidence submitted by WellPath in support of its motion was "not credible in light of the testimony of Defendant Lawrenz." On the contrary, Lawrenz's testimony and the evidence presented by Cox during Lawrenz's deposition directly refute WellPath's admission. This evidence coupled with the affidavit of Lawrenz's supervisor attesting to the existence and validity of the independent contractor agreement and Lawrenz's status as an independent contractor,[6] had the "modicum of credibility" required to establish the

---

[6] Although on appeal, Cox attacks the supervisor's affidavit as self-serving, "the record does not reflect that [he] raised any objection to the affidavit in the trial court

10

first-prong of the test and was not "per se incredible." See *Bailey v. Chase Third Century Leasing Co.*, 211 Ga. App. 60, 62 (1) (438 SE2d 172) (1993).

This does not, however, end our analysis. While the trial court considered and ruled on the first part of the first prong, albeit erroneously, it did not rule on the second part of the first prong.[7] Accordingly, because the trial court failed to address the entirety of the first prong, we reverse the denial of the motion to withdraw and remand the case for the trial court to reconsider the motion. See *Carter*, 335 Ga. App. at 625 (4) (a). See also *Sayers v. Artistic Kitchen Design*, 280 Ga. App. 223, 227 (2) (633

---

below; therefore, any such objections are waived." *May v. S.E. GA Ford*, 344 Ga. App. 459, 460, n.2 (811 SE2d 14) (2018).

[7] If the trial court concludes that WellPath has satisfied its burden as to the first prong, the trial court must then consider how Cox would be prejudiced in maintaining his action if withdrawal was allowed. On this question, we note that "the purpose of requests for admissions is to expedite trial and clarify the issues in a case, not gain tactical advantage over an opponent." (Citation and punctuation omitted.) *Sayers v. Artistic Kitchen Design*, 280 Ga. App. 223, 226 (2) (633 SE2d 619) (2006). See also *Riberglass, Inc. v. ECO Chem. Specialties*, 194 Ga. App. 417, 419 (1) (b) (390 SE2d 616) (1990) ("[a]ny party is certainly 'prejudiced' by being forced to try a case rather than take, in effect , a default, but he is not prejudiced in trying the merits of the case, which is the question at issue") (citation and punctuation omitted). Here, aside from arguing that WellPath "keep[s] moving the goalpost" on an issue that Cox himself explored with Lawrenz during her deposition, Cox did not present other evidence during the hearing on this question.

11

SE2d 619) (2006); *Moore Ventures Ltd. Partnership v. Stack*, 153 Ga. App. 215, 218 (264 SE2d 725) (1980).

2. In its order, the trial court granted partial summary judgment to Cox on his claim for vicarious liability, ruling that even without the admission, based upon Lawrenz's deposition testimony, there was evidence that WellPath exercised control over the time, method, and manner of her work such that she should be considered an employee and not an independent contractor, and that at the time of the collision, Lawrenz was acting in the course and scope of her employment with WellPath. WellPath contends that this ruling was erroneous because there are genuine issues of fact as to "both Lawrenz's employment status and 'course and scope' liability." We agree that the trial court's ruling was erroneous.

> [A]n employer is generally not liable for the torts of an independent contractor. The historical reason for this common-law rule is that because the employer has no right of control over the manner in which the work is to be done, it is to be regarded as the contractor's own enterprise, and he, rather than the employer, is the proper party to be charged with the responsibility for preventing the risk. To this end, when a contract of employment clearly denominates the other party as an independent contractor, that relationship is presumed to be true unless the evidence shows that the employer assumed such control.

(Citations and punctuation omitted.) *Ga. Messenger Svc. v. Bradley*, 311 Ga. App. 148, 149-150 (1) (715 SE2d 699) (2011). See also OCGA §§ 51-2-4 ("[a]n employer generally is not responsible for torts committed by his employee when the employee exercises an independent business and in it is not subject to the immediate direction and control of the employer"), 51-2-5 (5) ("[a]n employer is liable for the negligence of a contractor . . . [i]f the employer retains the right to direct or control the time and manner of executing the work or interferes and assumes control so as to create the relation of master and servant or so that an injury results which is traceable to his interference").

> The test for determining whether an employer is exercising a degree of control over an independent contractor's work such that the law will deem the independent contractor to be a servant of that employer—thus making the employer vicariously liable for any wrongful acts committed by the contractor—is whether the contract gives, or the employer assumes, the right to control the time, manner, and method of the performance of the work, as distinguished from the right to merely require certain definite results in conformity with the contract. Put another way, the test is essentially whether the contractor has a bona fide existence apart from the employer or functions instead as the employer's alter ego.

(Citation and punctuation omitted.) *Boatner v. Show Media*, 331 Ga. App. 332, 335 (771 SE2d 40) (2015).

In this case, WellPath contracted with Lawrenz as an independent contractor to assist health service administrators ("HSA") in various Georgia prisons, including Dooly, Pulaski, Wilcox, Rutledge, and Bainbridge Correctional, with the transition over to WellPath. That contract, titled "Independent Contractor Agreement," provided that Lawrenz "agrees to provide on-site administrative support to medical providers at Dooly State Prison in Dooly County, Georgia, and any other tasks or duties assigned by [WellPath]" and that she would "provide no more than forty (40) hours of Services per week, unless prior approval is given by an authorized representative of the Company." The agreement further provided that "[c]onduct and control of the work to be performed under this [a]greement by Contractor lies solely with Contractor."

According to Lawrenz, she was an "ambassador" for WellPath and worked when they needed assistance. That assistance was based upon the needs of the facilities; Lawrenz "help[ed] [the facilities/prisons] become accustomed to the WellPath way." Lawrenz also did other, "different things" at the prisons such as

filling in for HSAs if necessary and helping the prisons prepare for upcoming audits by the American Correctional Association. Lawrenz also participated in conference calls between the HSA she was working with at the respective prison and WellPath but "was just on there to support [the HSA], so if [WellPath was] asking them to do something and they didn't understand how to do it, [Lawrenz] could help them." Lawrenz would check in with her supervisor every couple of days to fill her in on what was going on. She did not perform contract work for anyone else.

Lawrenz provided her own vehicle and insurance. She was paid by the hour whenever she submitted invoices and would occasionally work overtime if needed, but her payment was not tied to the completion of any particular task. She was reimbursed for all of her expenses, including mileage, food, and hotel, but not her cell phone, and she had access to the company intranet and would log in with a password. Lawrenz was treated as an independent contractor for tax purposes and did not receive any kind of employee benefits through WellPath; she had health insurance through her husband, who was employed by WellPath as a facility administrator.

Lawrenz's supervisor at WellPath averred that at the time of the accident, Lawrenz was providing services to Pulaski State Prison pursuant to the independent

contractor agreement. Around that same time, Bainbridge Correctional reached out to WellPath and requested additional assistance, which Lawrenz independently agreed to assume; she was not directed or ordered to do so by WellPath. According to the supervisor, at the time of the accident, Lawrenz had finished assisting Bainbridge Correctional and was returning to Pulaski State Prison on her own; she was not directed to return there by WellPath. With regard to Lawrenz's work in general, the supervisor averred that WellPath did not require Lawrenz to appear or work at any facility at any particular time. Rather, her daily work activities were left to her own discretion; she could start and finish jobs on her own schedule, could refuse jobs when they conflicted with her schedule or personal plans, and could take sabbaticals "without recourse." According to the supervisor, "WellPath merely wanted to have an ambassador at the facility as a contact point for any issues that arose in the transition[,]" and did not monitor how Lawrenz performed her work "as long as she got the work done."

Because the written agreement specifically classifies Lawrenz as an independent contractor, Cox must point to some evidence showing that WellPath controlled the time, manner, method, and means of the work that she did as an ambassador at the

prisons. See *Ward v. DirecTV LLC*, 342 Ga. App. 69, 71 (1) (801 SE2d 110) (2017). Cox contends that WellPath exercised control over the time, manner, method, and means of Lawrenz's work because it was performed "under the direction of WellPath" and "there was no particular skill required in the particular occupation."[8] Cox also points to the fact that Lawrenz was paid an hourly rate and not by the task; that she reported regularly to her supervisor; and that WellPath supplied all the tools and the place of work. Pretermitting that Cox's characterization of Lawrenz's duties on behalf of WellPath are not consistent with her deposition testimony, and that Lawrenz testified that she was merely updating her supervisor when they spoke, there is evidence to support the conclusion that Lawrenz was an independent contractor. Lawrenz's agreement with WellPath stated that she was an independent contractor and there was testimony that WellPath did not monitor or control Lawrenz's work or

---

[8] We note that in support of these assertions, Cox cites to Lawrenz's deposition where she testified that (1) after the accident, she may have spoken to her supervisor and her supervisor's supervisor and (2) if she had "a problem" while working, the person to whom she would report that problem would depend upon whether the "facility had a problem or if [she] had a problem." Cox's counsel sought to clarify Lawrenz's testimony as to what she meant as a "problem" and stated, "[i]f [she] had a problem in [her] job." Lawrenz seemed to agree with this clarification and responded that she would go to her supervisor. These citations do nothing to prove that WellPath controlled Lawrenz's work or that her work required no particular skill.

her schedule at the prisons. Indeed, Lawrenz testified that she worked when the facilities needed assistance and worked within the facilities using their forms and helping their HSAs as needed, and her supervisor testified that her daily work and hours were left to her own discretion. Lawrenz also used her own vehicle, maintained insurance on the vehicle, and did not receive employee benefits. See, e.g., *Grange Indemnity Ins. Co. v. BeavEx, Inc.*, 342 Ga. App. 601, 602 (804 SE2d 173) (2017) (affirming grant of summary judgment to defendant on basis that the delivery driver it hired was an independent contractor; contract stated that driver was an independent contractor, and driver used his own vehicle and maintained insurance, was required to satisfy any specific conditions set by the customers, received a 1099 form and did not receive employee benefits). On the other hand, there is also evidence to support the conclusion that WellPath maintained sufficient control over Lawrenz such that she can be considered an employee. For example, under her written contract, Lawrenz agreed to provide administrative support for the facilities and "any other tasks or duties" *assigned by WellPath*, and also obtain approval for work exceeding 40 hours per week. She also worked only for WellPath. Additionally, there is some dispute as to the content of webinars that Lawrenz viewed and whether they were provided by

18

WellPath or the respective prisons. "Under these circumstances, we cannot say that the evidence is undisputed." (Citation and punctuation omitted.) *Boatner*, 331 Ga. App. at 335. See also *Davis v. Beasley Timber Co.*, 241 Ga. App. 706, 708 (1) (527 SE2d 221) (1999) (evidence that timber company directed truck driver's "timing and destination of hauls" sufficient to find that driver was employee). Cf. *Bradley*, 311 Ga. App. at 150 (1) (affirming denial of summary judgment to appellant/messenger service where genuine issues of material fact existed as to whether degree of control exercised by appellant/messenger service over courier was such that courier was an employee of appellant, rather than an independent contractor). Accordingly, the trial court erred in granting summary judgment to Cox on his claim that WellPath was vicariously liable for Lawrenz's alleged negligence under the doctrine of respondeat superior.[9] This conclusion renders moot WellPath's contention that the trial court erred in

---

[9] As for WellPath's claim that the trial court erred in relying upon Lawrenz's deposition, which was taken before it was added as a party, "we need not reach this issue, because our review of only the evidence taken by representatives of [Cox] creates issues of material fact as to whether [Lawrenz] was an independent contractor" or an employee. See *Davis*, 241 Ga. App. at 708 (1).

ruling that Lawrenz was acting within the course and scope of her employment with WellPath at the time of the collision.[10]

*Judgment reversed and case remanded with direction. McFadden, P. J., and Markle, J., concur.*

---

[10] As for any claim by Cox that WellPath made other admissions in judicio on the issue of Lawrenz's employment status, i.e., whether Lawrenz was an employee acting within the scope of her employment at the time of the incident, we note that such a statement "is not a statement of fact but is an opinion or conclusion as to law, fact, or mixed question of both" as to Lawrenz's status. *Health Horizons v. State Farm Mut. Auto. Ins. Co.*, 239 Ga. App. 440, 446 (a) (521 SE2d 383) (1999) (physical precedent only) (rejecting defendant's claim that statement in complaint that plaintiff "furnishes health care services" was an admission in judicio that plaintiff was engaged in the practice of medicine). "[A]dmissions in judicio apply only to admissions of fact and do not apply when the admission is merely the opinion or conclusion of the pleader as to fact or law." (Citations and punctuation omitted.) Id. See also *Sommerfield v. Blue Cross & Blue Shield of Ga.*, 235 Ga. App. 375, 377 (2) (509 SE2d 100) (1998) (part-time employee's admission in his answer that he was "acting as an employee" of the private employer "was not an admission in judicio; it was merely an expression of [the employee's] belief as to a legal conclusion").