358. GRESS COMPANY v. BERRY BROTHERS LIMITED.

The assignments of error in this case are wholly without merit, and the finding of the court was fully warranted by the evidence.

Complaint, from the city court of Nashville—Judge Peeples. October 6, 1906.

Submitted May 14,—Decided June 26, 1907.

*Hendricks, Smith & Christian,* for plaintiff in error.

*Buie & Knight,* contra.

HILL, C. J.   Berry Brothers Limited brought suit against G. V. Gress Company on an open account, in the city court of Nashville. The case was tried by the court, by consent of counsel, without a jury; and judgment was entered for the plaintiffs for the amount sued for.   The defendants made a motion for a new trial, which was overruled, and on this judgment error is assigned.   The motion for a new trial was based on the usual statutory grounds, and on the following grounds, set forth in an amendment to the motion: (1) In refusing to exclude the second and third direct interrogatories and the answers thereto of Orrie C. Lake, the only witness for the plaintiffs, the objection being that said interrogatories were leading.   (2) Because the account sued upon was not sworn to by any person authorized to swear to it, it being sworn to by Henry W. Seyler, bookkeeper.   (3) Because the account sued upon was not proved as required by law.   (4) Because no delivery was ever shown by the plaintiffs to any person or corporation for the defendants, or to the defendants themselves.

The second interrogatory objected to as leading was as follows: "If in answer to the first question you state that you are credit manager for the plaintiffs, then state what transactions plaintiffs had with the defendants in the year 1904."   We do not think this interrogatory was leading.   Besides, the allowance of leading questions is a matter within the discretion of the trial judge, and his judgment will be reversed only where it is apparent that injustice has been done.   Certainly this does not appear in the allowance of this question and answer.   *Georgia R. Co.* v. *Churchill,* 113 *Ga.* 14, 38 S. E. 336; *City of Rome* v. *Stewart,* 116 *Ga.* 738, 42 S. E. 1011. The objection to the third interrogatory appears from the record not to have been made and filed with the interrogatories before the issuing of the commission.   Civil Code, §5668.

The petition in this case was strictly in accordance with the pleading act; and a bill of particulars containing each item of the account was made a part of this petition and sworn to by the bookkeeper of the plaintiffs.   It was not necessary to verify the petition or any part thereof, suit having been brought in a court of record; and the defendants filing an answer unverified shows that the petition was considered as an unverified one.   The petition having fully set out the items of the account, it was only necessary, on the trial, to prove the items, by competent testimony.

The account sued upon was clearly, accurately, and fully proved by the testimony of the credit man of the plaintiffs, who testified positively from his own knowledge of the facts. It is not pointed out in this assignment of error in what manner or in what particular the account was not proved as required by law; and this court is not aware of any better way to prove a fact than by a witness who swears that of his own knowledge he knows the fact to be true.

The credit man of the plaintiffs swore positively and of his own knowledge that in the year 1904 the plaintiffs sold and shipped to the defendants the goods as itemized and made a part of the petition. In the absence of evidence to the contrary, this would be sufficient proof of delivery.

We are constrained to say in this case that in our opinion the assignments of error are entirely without merit, and the finding of the judge was fully warranted by the evidence.

*Judgment affirmed.*