### 7115. LEE v. PERRY et al.

BROYLES, J. 1. This suit was brought in the municipal court of Atlanta,
Fulton section, on a verified open account against J. B. Perry and J. M.
Blankenship as joint contractors, it being alleged in the plaintiff's peti-
tion that the two defendants composed a partnership operating a milk
and cream depot in Atlanta, Fulton county, Georgia, under the name of
"The Standard Creamery," and that both defendants resided in Atlanta,
said county and State. The defendant Blankenship filed a special plea
to the jurisdiction of the court, alleging that at the time the suit was
filed he was a resident of DeKalb county, Georgia, and not of Fulton
county. Joint or joint and several obligors or promisors, or joint con-
tractors, or copartners, residing in different counties, may be sued as
such in the same action in either county in which one or more of the
defendants reside. Civil Code (1910), § 5529. Under this section of
the code the court had jurisdiction of the subject-matter of the suit, and
Blankenship's plea to the jurisdiction of the court was insufficient in
law, it being undisputed that the other joint contractor or copartner
was a resident of Atlanta, Fulton county, and that service had been
perfected upon the latter; and there was no error in sustaining the
demurrer interposed to the plea and in striking the plea. There was no
allegation in the plea that Blankenship had not been served, or that he
had been improperly served. On the contrary, he specifically recited in
his plea that the plaintiff's suit *was served upon him.* The return of
the officer, showing personal and valid service upon the defendant
Blankenship, was not traversed. The record discloses no plea of any

kind setting up that the defendant Blankenship was not properly served; nor was there any evidence of improper service, nor any evidence that the defendant Blankenship did not reside in Fulton county (his plea not being traversed). Under such circumstances the question as to whether there was a valid service upon Blankenship was not sufficiently raised in the lower court, and will not be passed upon by this court.

2. The defendants' plea of the general issue did not deny that they were indebted to the plaintiff in *any* sum, and did not specify any amount of admitted indebtedness to the plaintiff. The court therefore properly struck this plea, the defendants having refused to amend when given the opportunity. Civil Code, § 4728.

3. A judge of the municipal court of Atlanta, Fulton section, has authority to direct a verdict demanded by the pleadings and the evidence in the case. *Hope* v. *Hedgerose Heights Co.*, 146 *Ga.* 73 (90 S. E. 530); s. c. ante, 10. In the case at bar there was no error in the direction of the verdict, as, under the facts adduced, no other legal finding could have resulted.

4. This was a second grant of a new trial by the appellate division of the court, and, under the facts of the case, was error.

> *Judgment reversed. Hodges, J., absent.* •
> DECIDED DECEMBER 8, 1916.

Complaint; from municipal court of Atlanta. October 6, 1915.
*Calvin George,* for plaintiff in error.
*McCallum & Sims,* contra.