36517. BRASWELL *v.* HODGES.

FELTON, C. J. 1. The plaintiff in error excepts to the overruling of his special demurrers and to the verdict and judgment for the plaintiff on the grounds that the verdict, and the judgment thereon, were erroneous because of the antecedent ruling on the special demurrers. There had been a final determination of

the case and there was an assignment of error on a final judgment. "Where a final judgment is complained of as erroneous because of alleged errors in antecedent rulings which are properly assigned as error, a general exception to the final judgment is sufficient to confer jurisdiction upon the appellate court and to authorize a decision in regard to the antecedent rulings." *Rabhan* v. *Rabhan*, 185 *Ga.* 355 (1) (195 S. E. 193). The motion to dismiss the writ of error is denied.

2. The plaintiff in error demurred to the petition as follows: "1. No cause of action is stated or alleged, because there is a misjoinder of causes of action, if any, because plaintiff is attempting, jointly, to sue upon both a promissory note and an open account. 2. Said account sued upon, if any, is not verified as required by law." There is no misjoinder of causes of action. A suit on a note and one on an open account are both ex contractu actions and may be joined in a single action. Code § 3-113; *Chatham Abattoir &c. Co.* v. *Painter Engineering Co.*, 28 *Ga. App.* 383 (2) (111 S. E. 82); *Daniels* v. *Booker*, 23 *Ga. App.* 644 (1) (99 S. E. 228); *Southern Railway Co.* v. *Chambers*, 126 *Ga.* 404, 410 (5) (55 S. E. 37, 7 L. R. A. (NS) 926).

(a) The plaintiff in error contends that there was a misjoinder of parties defendant in that the action on the open account was against Julian Braswell and the action on the promissory note was against Julian Braswell, Jr. There was no special demurrer on the grounds of misjoinder of parties defendant. Therefore, that question is not before us. *American Fidelity & Cas. Co.* v. *McWilliams*, 55 *Ga. App.* 658 (2) (191 S. E. 191); *Tingle* v. *Maddox*, 186 *Ga.* 757, 758 (1) (198 S. E. 722).

(b) The plaintiff in error argues that the plaintiff was joining in one count an action on a note and an action on an open account. It is true that the petition in the instant case is duplicitous. *Harris* v. *Wilcox*, 7 *Ga. App.* 121 (66 S. E. 380); *Gainesville & Dahlonega Electric Ry. Co.* v. *Austin*, 122 *Ga.* 823 (1) (50 S. E. 983). Duplicity in a petition is attacked by special demurrer (*Tingle* v. *Maddox*, supra; *Grant* v. *Hart*, 192 *Ga.* 153, 155 (4), 14 S. E. 2d 860), and where the plaintiff in error did not file a special demurrer attacking the duplicity, such defect in form was waived. *Bank of Norwood* v. *Chapman*, 19 *Ga. App.* 709 (1) (92 S. E. 225); *Green* v. *Hambrick*, 118 *Ga.* 569, 573 (45 S. E. 420).

3. There is no law requiring the verification of an action on an open account. Code § 81-109; *Gress Company* v. *Berry Bros.*, 2 *Ga. App.* 207, 209 (58 S. E. 384). Failure to verify merely relieves the defendant of the requirements of Code § 81-410.

The court did not err in overruling the demurrers to the petition, and consequently the verdict, and the judgment based thereon, were not erroneous for the reasons assigned.

*Judgment affirmed. Quillian and Nichols, JJ., concur.*

DECIDED FEBRUARY 26, 1957.

*Casey Thigpen,* for plaintiff in error.

*T. A. Hutcheson,* contra.

