37528. ALLEN TILE & MARBLE COMPANY, INC. *v.* VINYL PLASTICS, INC.

DECIDED FEBRUARY 25, 1959.

*Jack G. McKay, J. Gordon Young,* for plaintiff in error.

*Alan F. Rothschild, Hatcher, Smith, Stubbs & Rothschild,* contra. ·

FELTON, Chief Judge. 1. The plea of failure of consideration and the cross-action were all in one. The plea of failure of consideration was without merit because the shipment of tile which the plaintiff contends was worthless had been paid for by the plaintiff, and this action is for the purchase price of a subsequent shipment of tile to the defendant.

The substance of the cross-action is that the defendant purchased from the plaintiff certain tile which the defendant installed in the home of Mr. Melvin Hargett. After the tile had been in use for a few weeks Mr. Hargett complained to the defendant that it was not holding up as it was supposed to. The tile had developed, due to its inferior quality, many scratches and scuffs and was unsightly in appearance and had become discolored. The defendant attempted to correct the condition of the tile by the application of waxes, etc. but such efforts were unsuccessful. The defendant notified the plaintiff about the condition of the tile and the plaintiff sent representatives to inspect the tile and these representatives gave advice to the defendant as to what procedure it should follow in remedying the defect. The defendant followed these recommendations but to no avail. The defendant alleged that the tile was of an inferior quality and was not suitable for the use intended. It alleges that the owner, Mr. Hargett, had refused to accept the tile job and had demanded that the defendant take corrective measures. The defendant has agreed to remove the tile and to re-do the job to the complete satisfaction of Mr. Hargett. The defendant further alleged "that the materials sold to him were inferior in that they did not have the normal hard surface required of floor tile and said materials were defective in their manufacture, in that it was soft and was not of the standard quality and materials."

The defendant alleges that its damages were $293.25 for the labor in the original installation of the tile, $50 for the labor in the attempt to correct the defective condition of the tile and $350 which will be the expense of tearing out the defective tile and retiling the floors in the Hargett house.

The gist of the cross-action is for breach of an implied warranty, alleging that the material was not suitable for the use intended. Under the allegations of the cross-action, we do not think that the defendant was bound to have discovered the defective condition of the tile before it was installed because under such allegations the defective condition did not become apparent until the tile had been in use on the floors two or three weeks. While all of the damages sought by the defendant in its cross-action are not recoverable, one element of damage alleged is recoverable and thus the cross-action is good as against a general demurrer. The defendant could not recover the cost of originally installing the title as that cost was part of its normal contract cost. If the defendant because of the defective condition of the tile had already torn out such tile and had installed new tile, this cost would have been a legitimate item of damage. *Griffin* v. *Taylor*, 65 *Ga. App.* 346, 351 (1) (16 S. E. 2d 186). However, the cross-action shows that the defendant had not yet done this but had only agreed to do so and until the defendant actually performs this agreement with Mr. Hargett it has suffered no damage. See *Terrell* v. *Stevenson*, 97 *Ga.* 570 (2) (25 S. E. 352). The $50 the defendant expended in trying to correct the defect, some of such activity being at the recommendation of the plaintiff, is recoverable as damages. *Cochran* v. *Jones*, 85 *Ga.* 678 (5) (11 S. E. 811).

2. Where a petition based on an open account is verified an answer of general denial is insufficient. *Lee* v. *Perry*, 19 *Ga. App.* 48 (2) (90 S. E. 988); *Green* v. *Russell*, 46 *Ga. App.* 510 (1, 2) (168 S. E. 68); *Wilkes* v. *Arkansas Fuel Oil Co.*, 60 *Ga. App.* 775 (1, 2) (5 S. E. 2d 269). However, in the instant case the petition was not verified and the defendant could answer by general denial which was not subject to a demurrer or dismissal. Code § 81-410. *Walker* v. *Seawell*, 42 *Ga. App.* 511 (156 S. E. 475); *Braswell* v. *Hodges*, 95 *Ga. App.* 231, 233 (97 S. E. 2d 588).

The court erred in sustaining the general demurrer to the cross-action and in entering a judgment for the plaintiff.

*Judgment reversed. Quillian and Nichols, JJ., concur.*