**SECOND DIVISION**
**BARNES, P. J.,**
**MILLER and RAY, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**May 29, 2013**

# In the Court of Appeals of Georgia

A13A0488.AMERICAN ARBITRATION ASSOCIATION v. BOWEN et al.

MILLER, Judge.

Gene Bowen and Karen McGinn, members of eCential Group, LLC ("eCential"), arbitrated claims through the American Arbitration Association (the "Association"). The Association filed suit on open account against Bowen and McGinn to collect unpaid arbitration fees. Following a hearing, the trial court dismissed the Association's suit, concluding that there was no evidence showing that Bowen and McGinn (the "Members") were personally liable to pay the fees. The Association filed a motion for new trial, which the trial court denied. The Association appeals from that ruling, contending that the trial court erred in considering inadmissible hearsay and in dismissing the case without evidence to support the

involuntary dismissal. Since there is evidence that the Members asserted individual claims through arbitration, they were liable for a portion of the arbitration fees, and we reverse.

> An involuntary dismissal under OCGA § 9-11-41 (b) differs considerably from the grant of summary judgment. A dismissal under OCGA § 9-11-41(b) does not require a trial court to construe the evidence most favorably toward the nonmovant. In addition, because a trial court determines the facts as well as the law, an involuntary dismissal may be warranted despite the fact that a plaintiff established a prima facie case. In ruling on a motion for involuntary dismissal, the trial court can decide whether essential facts have not been proven. As the trier of fact, the trial court's determination will be reversed only when the evidence demands a contrary finding.

(Footnotes omitted.) *Chambers v. Green*, 245 Ga. App. 814, 815 (539 SE2d 181) (2000).

So viewed, the record evidence shows that eCential was a franchisee of iSold It, a retail chain designed to assist customers with selling their products on eBay. Due to a dispute with iSold It, eCential and the Members submitted breach of contract and fraud claims against iSold It to binding arbitration with the Association. After an arbitrator was selected, the Association asked eCential to pay a deposit before performing work on the matter. eCential, unable to pay the arbitration fees at that time, filed a hardship claim to reduce or delay the fee payment. Before the

Association ruled on the hardship waiver, it requested eCential and the Members to pay additional fees. The arbitration was discontinued when eCential or its Members were unable to pay the arbitration fees. The Association then sent eCential and the Members a bill for $12,712.50 in unpaid arbitration fees. When no payment was received on the fees or on approximately $3,666 in accrued interest, the Association filed the instant suit against the Members.[1]

At the bench trial, the Association presented the testimony of the arbitrator assigned to arbitrate the Members and eCential's claims. The arbitrator stated that the Association had sent eCential and the Members a bill for unpaid arbitration fees, and that the Members had made no payment toward the fees or any accrued interest. The arbitrator further stated that although he had no documentary proof that the Members agreed to personally pay eCential's arbitration fees, the Members were parties to the arbitration in their personal capacity. Additionally, although numerous telephone conferences were conducted, no live hearing transpired before the arbitration proceeding was discontinued.

---

[1] The Association also filed suit against eCential and received a default judgment against the company. It appears that eCential was no longer in existence at the time the instant action commenced.

In their defense, the Members argued that they were not personally liable to pay the fees; they never received a bill; and they further disputed the amount of the fees since the Association had granted them a hardship deferment. The Members, however, did not testify or otherwise present evidence at the trial. Following the trial, the trial court dismissed the action based upon a determination that the Association's invoice sent to the Members was insufficient to establish that they were personally liable to pay eCential's expenses.

1. The Association contends that the trial court erred in dismissing the case without evidence supporting such dismissal since the arbitrator testified that the Members were parties to the arbitration, they received arbitration services, and they did not pay the arbitration fees. We agree.

"A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done except for the other party to make payment." (Citations and punctuation omitted.) *Five Star Steel Constr., Inc. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738-739 (1) (c) (524 SE2d 783) (1999). To establish a prima facie case for a complaint on account, the plaintiff must tender an

authenticated invoice, along with testimony that the invoice remains unpaid. *Imex Intl. v. Wires Engineering*, 261 Ga. App. 329, 332 (1) (a) (583 SE2d 117) (2003). At that point, the defendant has the burden of presenting evidence of specific facts to refute the plaintiff's proof. See *Traditional Properties v. Performance Food Group of Georgia*, 291 Ga. App. 442, 443 (662 SE2d 250) (2008). Moreover, the defendant must offer specific factual evidence, not just a general denial, to refute the plaintiff's proof. Id.

Here, the Association presented the arbitrator's testimony who stated that he was familiar with the Association's records and identified an invoice that was sent to the Members. Additionally, the arbitrator testified that payment had not been made on the invoice balance of $12,712.50 or on the accrued interest. Although the Members argued at the hearing that the Association granted them a hardship waiver, they presented no evidence to establish this fact, and the arbitrator testified that the Association did not send invoices to parties that had received such a waiver. Consequently, the Association established a prima facie case for recovery on an open account.

The evidence, however, did not show that the Members were liable for the entire portion of the arbitration fees. We note that pursuant to OCGA § 14-11-303 (a),

the Members were not liable, solely by reason of being a member of eCential, for the debts of the limited liability corporation. See *Winzer v. EHCA Dunwoody, LLC*, 277 Ga. App. 710, 713 (3) (627 SE2d 426) (2006) ("Like a corporation, a limited liability company is a business entity that protects its members from personal liability for business debts.") (footnote omitted); *Milk v. Total Pay and HR Solutions*, 280 Ga. App. 449, 451-452 (634 SE2d 208) (2006) ("[A] member of a limited liability company… is considered separate from the company and is not a proper party to a proceeding by or against a limited liability company, solely by reason of being a member of the limited liability company[.]") (citations and punctuation omitted). Members may incur personal liability for an LLC's business debts if they execute a written agreement to personally guaranty the corporation's debts and liabilities. OCGA § 14-11-303 (b). In this case, however, there was no evidence that the Members executed such an agreement. Thus, the Members were not liable for eCential's debts.

Nevertheless, there is evidence that the Members incurred personal debts in the arbitration. Notably, in their trial court brief opposing the Association's motion for summary judgment, the Members expressly stated as matters of fact that they *and* "eCential submitted their claims to binding arbitration in California before the

6

[Association.]" "It is well established that a party may make admissions in judicio in their pleadings, motions and briefs." (Footnote omitted.) *Mitsubishi Motors Corp. v. Colemon*, 290 Ga. App. 86, 87 (1) (658 SE2d 843) (2008). What a party admits to be true in its pleadings may not subsequently be denied. *Aycock v. Calk*, 228 Ga. App. 172, 173 (491 SE2d 383) (1997). The factual admissions in judicio made by the Members in their brief are therefore binding. See *Holmes v. Clear Channel Outdoor*, 298 Ga. App. 178, 183 (2) (679 SE2d 745) (2009); *Mitsubishi Motors*, supra, 290 Ga. App. at 87 (1). Moreover, the arbitrator testified that the Members were parties to the arbitration in their personal capacities, and evidence from the arbitration shows that the Members appeared in their personal capacities. Since the Members asserted their own claims in the arbitration, they are personally liable for any fees associated with their personal claims.

As a result, although the trial court correctly determined that the evidence failed to establish that the Members were personally liable for eCential's debts, the trial court erred when it ignored evidence that the Members incurred personal liabilities in the arbitration. Consequently, we reverse the trial court's order and remand for the trial court to consider what portion of the arbitration fees are attributable to the Members.

7

2. In light of our holding in Division 1, we need not address the Association's contention that the trial court erred in considering inadmissible hearsay.

*Judgment reversed and remanded with direction. Barnes, P. J., and Ray, J., concur.*

8