**SECOND DIVISION**
**ANDREWS, P. J.,**
**MILLER and BRANCH, JJ.**

**NOTICE: Motions for reconsideration must be**
**_physically received_ in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**April 21, 2015**

# In the Court of Appeals of Georgia

A15A0206.  FISHER  &  PHILLIPS,  LLP  v.  AMEREX
ENVIRONMENTAL TECHNOLOGIES, INC., et al.

MILLER, Judge.

Fisher & Phillips, LLP (hereinafter "F&P") sued Amerex Environmental

Technologies, Inc., its President, Joseph Pircon, and its registered agent, Brian

McMahon (collectively "the Defendants") seeking to recover more than $129,000 in

unpaid invoices for legal services that F&P allegedly provided to the defendants. The

case went into default when the Defendants failed to file a response. F&P moved for

a default judgment.[1] The trial court denied F&P's motion and dismissed the case sua

sponte, without a hearing, for failure to state a claim on an open account. F&P

---

[1] After the case went into default, the trial court ordered F&P to file a motion
for default judgment or formally notify the trial court of its intent to pursue its claims.

appeals, contending that the trial court erred in dismissing its complaint. For the reasons that follow, we reverse.

When, as here, a question of law is at issue we owe no deference to the trial court's ruling and apply a de novo standard of review. See *Artson, LLC v. Hudson*, 322 Ga. App. 859, 860 (747 SE2d 68) (2013).

So viewed, the complaint shows that, in January 2011, F&P began providing legal services to the Defendants. F&P regularly invoiced Defendants for the legal services provided, as well as other charges incurred by F&P in connection with the provisions of those legal services. As of July 2013, the Defendants had an outstanding principal balance of $129,725.65 for the invoiced services. Accordingly, on March 3, 2014, F&P filed its unverified complaint seeking to recover the principal and interest due on the outstanding invoices, and seeking attorney fees. In its claim on an open account, F&P set out the invoice number, date and outstanding balance of each open invoice.

In its sole enumeration of error, F&P contends that the trial court lacked authority to involuntarily dismiss the case, without a hearing or trial, merely because F&P failed to make a prima facie showing on its open account claim. We agree.

2

In dismissing F&P's complaint, the trial court specifically found that F&P failed to verify the complaint as required by law. Contrary to the trial court's finding, "[t]here is no law requiring the verification of an action on an open account. (Citation omitted.) *Braswell v. Hodges*, 95 Ga. App. 231, 233 (3) (97 SE2d 588) (1957). Rather, a defendant is statutorily required to file a verified answer *if* the plaintiff brings a verified action on an open account. See OCGA § 9-10-112. Where, as here, the plaintiff files an unverified action on an open account, the defendant is merely relieved of the verification requirement set forth in OCGA § 9-10-112. See *Braswell*, supra, 95 Ga. App. at 233 (3).[2] Accordingly, F&P's complaint was not subject to dismissal for lack of verification.

In dismissing the complaint, the trial court also specifically found that F&P failed to tender an authenticated invoice or testimony that the outstanding invoices remained unpaid. In so holding, the trial court relied on this Court's decision in *American Arbitration Assn. v. Bowen*, 322 Ga. App. 51, 52-53 (1) (743 SE2d 612) (2013), which held that

---

[2] See also *Allen Tile & Marble Co. v. Vinyl Plastics, Inc.*, 99 Ga. App. 186, 188 (2) (107 SE2d 881) (1959) (where petition based on open account was not verified, defendant could file answer by general denial).

[a] suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement and nothing remains to be done except for the other party to make payment. To establish a prima facie case for a complaint on account, the plaintiff must tender an authenticated invoice, along with testimony that the invoice remains unpaid.

(Citations omitted.) Contrary to the trial court's ruling, *Bowen* does not require the dismissal of a complaint on open account merely because the plaintiff failed to establish a prima facie case *in its complaint*. Rather, in *Bowen*, this Court reversed the dismissal of the plaintiff's suit on account on the ground that the plaintiff established a prima facie case for recovery on an open account at trial. See id.

As F&P correctly argues, there is no question in this case that the Defendants are in default, and none of them filed any documents or motions with the trial court after they were served with the complaint. Moreover, F&P's complaint clearly set forth sufficient allegations to state a claim on an open account, even if F&P failed to set forth a prima facie case, since the complaint specifically set out the invoice number, date and outstanding balance of each open invoice. Clearly, in this case, as in *Bowen*, supra, F&P established that services per the invoices were provided, and

4

nothing remained except for the Defendants, who were in default, to make payment. Under these circumstances, F&P's complaint was not subject to dismissal for failure to state a claim. See *Superior Roofing Co. of Ga. v. American Professional Risk Servs.*, 323 Ga. App. 416, 417 (744 SE2d 400) (2013) (complaint not subject to dismissal for failure to state a claim unless allegations disclose with certainty that claim is not entitled to relief under any state of provable facts asserted therein). Accordingly, we reverse the trial court's order dismissing the complaint.

2. F&P did not enumerate as error the denial of its motion for a default judgment. Nevertheless, we note that where, as here, a case is in default and the damages are liquidated,

> the plaintiff at any time [after expiration of the 15-day period] shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury[.]

OCGA § 9-11-55 (a). "By statutory definition, an action on an open account is considered an action for liquidated damages." (Citation omitted.) *Sellers v. Nodvin*, 207 Ga. App. 742, 746 (3) (429 SE2d 138) (1993); see also *Hazlett & Hancock Construction Co. v. Virgil Womack Construction Co.*, 181 Ga. App. 25, 26 (2) (351

5

SE2d 218) (1986) (a suit on account is one type of liquidated claim which becomes established and fixed without the necessity of proof by the plaintiff when the case goes into default). Accordingly, it appears that F&P is entitled to a default judgment on its open account claim.

*Judgment reversed. Andrews, P. J., and Branch, J., concur.*