**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**May 19, 2015**

# In the Court of Appeals of Georgia

A15A0254. U.S. FOODSERVICE, INC. v. GOURMET SERVICES, INC.

BARNES, Presiding Judge.

U.S. Foodservice, Inc. (U.S. Foods) sued Gourmet Services, Inc., on an open account and served the company's registered agent. Gourmet Services failed to answer, and more than 45 days after service, U.S. Foods filed a motion for default judgment. Four days later, the trial court dismissed the complaint, holding that "Plaintiff has failed to establish a prima facie case, or state a claim, for a complaint on account." For the reasons that follow, we reverse.

U.S. Foods argues on appeal that the trial court erred in dismissing its complaint for failure to state a claim and erred in denying its motion for a default judgment. We agree.

1. "A suit on open account is available as a simplified procedure to the provider of goods and services where the price of such goods or services has been agreed upon and where it appears that the plaintiff has fully performed its part of the agreement

and nothing remains to be done except for the other party to make payment." (Citations and punctuation omitted.) *Five Star Steel Constr. v. Klockner Namasco Corp.*, 240 Ga. App. 736, 738-739 (1) (c) (524 SE2d 783) (1999).

Here, U.S. Foods alleged in its complaint that Gourmet Services owed $5,942.78 principal plus interest on an open account, and attached a copy of Gourmet Services' credit application and a statement establishing the amount of its debt. Gourmet Services' registered agent was served on April 2, 2014, and on June 2, 2014, the trial court issued an "Order to Prosecute Matter" noting that the defendant appeared to be in default and directing U.S. Foods to move for default judgment or formally notify the court of its intent to pursue the matter by June 13, 2014. The court instructed that failure to comply would "be deemed as an election to voluntarily dismiss" the case.

On June 9, 2014, U.S. Foods moved the court to enter a default judgment against Gourmet Services and its attorney attached his affidavit stating when the complaint was filed, when the defendant was served, that no answer had been filed, that the action was based on an open account and did not involve unliquidated damages, and that pre-judgment interest began to accrue in September 2012. On June 13, 2014, the trial court issued a final order, denying the motion for default judgment

2

and dismissing the complaint. The court found that the defendant had not filed a timely answer and was in default, but then found that U.S. Foods failed to tender "an authenticated invoice or testimony that the invoice remains unpaid," nor was the complaint verified as required by *American Arbitration Assoc. v. Bowen*, 322 Ga. App. 51, 52-53 (1) (743 SE2d 612) (2013). Thus, the court concluded, U.S. Foods had failed to establish a prima facie case or state a claim for a suit on account, and dismissed the complaint.

The evidentiary requirements cited by the trial court to establish a plaintiff's entitlement to judgment in a suit on open account are inapplicable when the defendant is in default. A defendant who fails to answer within 30 days of service is in default, although it has a right to open the default for 15 days upon payment of costs. OCGA § 9-11-55 (a). If the case remains in default after the expiration of 15 days,

> the plaintiff at any time thereafter shall be entitled to verdict and judgment by default, in open court or in chambers, as if every item and paragraph of the complaint or other original pleading were supported by proper evidence, without the intervention of a jury, unless the action is one ex delicto or involves unliquidated damages. . . . An action based upon open account shall not be considered one for unliquidated damages within the meaning of this Code section.

3

Id. U.S. Foods' suit sought liquidated damages, and therefore both liability and damages were established when Gourmet Services failed to answer within 45 days of service.

> [A] defendant in default is in the position of having admitted each and every material allegation of the plaintiff's petition except as to the amount of ex delicto or unliquidated ex contractu damages alleged. The default concludes the defendant's liability, and estops him from offering any defenses which would defeat the right of recovery.

(Citation and punctuation omitted.) *Cohran v. Carlin*, 254 Ga. 580, 585 (3) (331 SE2d 523) (1985).

Accordingly, the trial court erred in denying U.S. Foods' motion for default judgment and dismissing its complaint.

*Judgment reversed. Ray and McMillian, JJ., concur.*