**FOURTH DIVISION**
**BARNES, P. J.,**
**RAY, and MCMILLIAN, JJ.**

**NOTICE:** Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**July 16, 2015**

# In the Court of Appeals of Georgia

A15A0477. STL MANAGEMENT CONSULTANTS LLC v. MANHATTAN LEASING ENTERPRISES LTD.

BARNES, Presiding Judge.

This case considers whether the resignation of a corporation's registered agent for service of process becomes effective 31 days after the resignation was "received" by the Secretary of State's office, or 31 days after the resignation was subsequently stamped "filed" by the Secretary's office. We hold that the former date controls, and that the document was filed on the date it was received by the Secretary. Therefore, the registered agent's resignation had become effective when he was served and the corporate guarantor was not in default for failing to file a timely answer to the complaint. Accordingly, we reverse the grant of a default judgment to the plaintiff leasing company against the corporate guarantor in this case.

Manhattan Leasing sued John Michels and STL Management Consultants, LLC, contending that Michels had defaulted on a lease agreement for a 2010 Porsche Panamera and that STL had guaranteed the lease. The complaint stated that STL

could be served with process by serving its registered agent, and on April 2, 2013, the sheriff filed a return of service indicating that STL had been served by delivering a copy of the complaint and summons to its registered agent, Jeffrey Allen. On the return under the words "registered agent" is the handwritten notation "(resigned)." STL did not file an answer to the complaint within 45 days of this service, and in June 2013, Manhattan Leasing filed a certificate of default. STL objected, arguing that its agent for service of process had resigned on February 14, 2013, and submitted a copy of the letter of resignation that was dated February 14, 2013. Per statute, he contended, his agency appointment had expired 31 days later, before he was served on April 2, 2013, and therefore STL had never been served properly and was not in default.[1]

In response to STL's objection to the entry of a default judgment, Manhattan Leasing submitted a copy of STL's resignation letter to the Secretary of State, which had two dates stamps on it. The first stamp says:

2013 FEB 20 AM10:08
Secretary of State
Administrative Support

[1]Michels was served and moved to dismiss the complaint for lack of personal jurisdiction. The trial court denied the motion, and the case remains pending against Michels in the trial court.

2

The second stamp says:

Control No: 0519117
Date Filed: 05/20/2013 03:54 PM
Brian P. Kemp
Secretary of State

The letter also has a third undated stamp or label that says:

State of Georgia
Reg Agent Resignation 1 Page(s)
[Bar Code]
T1314307302

Manhattan Leasing argued that the resignation was "filed" on May 20, 2013, and did not become effective until June 21, 2013, 31 days later. Therefore, it concludes, STL was properly served through its registered agent in March 2013, and its failure to file an answer constituted a default. The trial court apparently held a hearing on the motion for default in June 2013, although no hearing transcript is included in the appellate record.

In July 2013, after it had filed its Certificate of Default and STL had filed its objection, Manhattan Leasing filed an amended complaint asserting that STL could be served at its principle office rather than through its registered agent. Manhattan Leasing mailed notice of its service of process on STL through the Secretary of State,

and filed its return of service on August 20, 2013. STL filed an answer on September 10, 2013.[2]

A year later, in June 2014, the trial court issued a default judgment against STL, finding that the registered agent did not effectively resign until June 20, 2013, and therefore STL was properly served and failed to answer the complaint. The trial court awarded $124,479.20 in damages to Manhattan Leasing and reserved the issue of attorney fees and litigation costs for a later time. This court subsequently granted STL's petition for an interlocutory appeal.

1. STL argues that the effective date of its registered agent's resignation was 31 days after the Secretary of State received the resignation notice, because the document was "filed" when it was received. Therefore, it contends, Manhattan Leasing's service upon STL's former registered agent 39 days after the Secretary of State received the agent's resignation letter was ineffective. Manhattan Leasing responds that the resignation letter was not filed on the day the Secretary of State received the resignation notice, but rather on the later date when the Secretary stamped the document as "filed." Because the document was not filed until the later

_____

[2]Although STL raises the defenses of insufficient process and insufficient service of process in its September 2013 answer, it concedes in its appellate brief that this service was valid.

4

date, after the registered agent was served in March 2013, its service upon STL through its registered agent was valid because the agent's resignation was not yet effective.[3]

"Factual disputes regarding service are to be resolved by the trial court, and the court's findings will be upheld if there is any evidence to support them." *Woodyard v. Jones*, 285 Ga. App. 323 (646 SE2d 306) (2007) (emphasis omitted). "When, as here, a question of law is at issue we owe no deference to the trial court's ruling and apply a de novo standard of review." *Fisher & Phillips v. Amerex Envtl. Techs.*, 332 Ga. App. 261, 262 (772 SE2d 59) (2015).

"When a defendant in a lawsuit challenges the sufficiency of service, he bears the burden of showing improper service," and if he does so, then the burden shifts to the plaintiff to provide additional evidence in support of proper service. (Punctuation and footnote omitted.) *Wilkinson v. Udinsky*, 242 Ga. App. 464, 465 (1) (530 SE2d 215) (2000).

---

[3]While Manhattan Leasing also argues that STL waived its right to make this argument on appeal by failing to raise it in the trial court, Manhattan Leasing raised this argument in the trial court, and the trial court ruled on it. Therefore, it is properly before us for review.

Whether the resignation of STL's registered agent had become effective on the date he was served is the determinative issue in this appeal, because if it had become effective, then personal service on the former agent did not constitute personal service on STL, and STL did not default by failing to file an answer. Chapter 11 of the Georgia Business Code relates to limited liability corporations (LLCs), and OCGA § 14-11-209 (a) (2) provides that an LLC must maintain a registered agent for service of process on the limited liability company. An LLC's registered agent "may resign ... by signing and delivering to the Secretary of State for filing a statement of resignation[.] ... The agency appointment is terminated ... on the ... thirty-first day after the date on which the statement of resignation was filed." OCGA § 14-11-209 (d).

OCGA § 14-11-206 describes the duties of the Secretary of State with regard to documents filed on behalf of an LLC, and specifies that the Secretary's duty to file documents is ministerial. OCGA § 14-11-206 (c). The process of filing is outlined as follows:

> (a) A signed original and one exact or conformed copy of any document required or permitted to be filed pursuant to this chapter shall be delivered to the Secretary of State[.] ... Unless the Secretary of State finds that the document does not conform to the filing provisions of this

6

chapter, upon receipt of all filing fees and additional information required by law, he or she shall:

(1) Stamp or otherwise endorse his or her official title and the date and time of receipt on both the original and copy;

(2) File the original in his or her office; and

(3) Return the copy to the person who delivered the document to the Secretary of State or the person's representative.

OCGA § 14-11-206 (c). This subsection appears to contemplate that the document must be stamped at the time of delivery, and that the stamp must include the official title of Secretary of State, and the date and time the document is received. The statute further specifies that

a document accepted for filing is effective:

(1) At the time of filing on the date it is filed, as evidenced by the Secretary of State's date and time endorsement on the original document; or

(2) At the time specified in the document as its effective time on the date it is filed.

OCGA § 14-11-206 (e). If the Secretary determines that a document does not conform to the statutory filing provisions, that document "is deemed to have been filed *at the time of delivery*" if the Secretary later determines that the document did actually conform, or if a conforming document is filed within 30 days after the Secretary gives

7

notification of nonconformance. (Emphasis supplied.) OCGA § 14-11-206 (d). In other words, the filing date of a re-filed corrected document is the date when the first filing was delivered to the Secretary.

Here, STL met its initial burden of showing improper service. The return of service indicates that the registered agent had resigned, and the registered agent's resignation letter had been received by the Secretary of State and copied to STL more than 31 days earlier. The burden then shifted to Manhattan Leasing to provide additional evidence to show that service was proper. Manhattan Leasing responded by filing a copy of the agent's resignation letter with the two date and time stamps on it — February 20, 2013, and May 20, 2013 — and argued that the latter date was the date when the letter was first "filed" for purposes of OCGA § 14-11-209 (d).

In support of its contention that the resignation letter was not filed until May 20, 2013, and thus service before that date was effective, Manhattan Leasing argues that the import of the stamps can be derived from reviewing the relevant statutes related to filing documents with the Secretary of State, including OCGA § 14-2-125 (b), contained in Chapter 2 of the Georgia Business Code and related to corporations. Citing to OCGA § 14-2-125 (b), Manhattan Leasing argues that the February 20, 2013, date stamp was not "endorsed by Brian P. Kemp, the Georgia Secretary of

8

State," but merely stamped "Secretary of State Administrative Support,"which "is not the official title of the Secretary of State," and further argues that the February stamp does not include the word "filed."

As Manhattan Leasing noted in its response to STL's objection to default in the trial court, however, STL is an LLC and the applicable statutes are found in Chapter 11. The equivalent code section in Chapter 11 does not specify that the stamp must include the Secretary's actual name or the word "filed" for the document to be considered as filed; it states that, unless the document does not conform to the filing provisions of the chapter, "upon receipt of all filing fees and additional information required by law, [the Secretary of State] shall ... [s]tamp or otherwise endorse his or her official title and the date and time of receipt on both the original and copy." OCGA § 14-11-206 (a) (1). The February 2013 stamp includes the time, date, and official title "Secretary of State," and OCGA § 14-11-206 (e) provides that a document accepted for filing is effective "[a]t the time of filing on the date it is filed, as evidenced by the Secretary of State's date and time endorsement on the original document." Further, subsection (d)'s provision that a re-filed corrected document is deemed effective as of the date of its delivery, reinforcing the understanding that a document is "filed" when it is delivered to the Secretary.

9

The record contains no evidence explaining the distinction between these two stamps. We cannot determine their significance just by looking at them — perhaps the latter stamp indicates when the Secretary of State entered the document into its database, or perhaps the third stamp or sticker with the bar code is related to a database. We do not know how the Secretary of State processed this document, and nothing in the record enlightens us. Thus, Manhattan Leasing failed to show from the stamps that the letter was first "filed" on May 20, 2013, rather than February 20, 2013.

Manhattan Leasing further argues that no evidence shows that the agent gave notice of his resignation to STL as required by § 14-11-209 (d), but the "cc: STL Management Consultants, LLC" followed by an address at the bottom of the letter constitutes evidence that he gave the required notice "[o]n or before the date of the filing of the statement of resignation" required by that code section.

Lastly, the legislature is presumed to have enacted all statutes with full knowledge of the existing law, and should be construed in harmony with that law. *Blackmon v. State*, 266 Ga. App. 877, 879 (598 SE2d 542) (2004). While we have found no cases on point addressing the filing of a document with the Secretary of State's office, the filing of a pleading in a court clerk's office is analogous. In 1988,

our Supreme Court noted that "[i]t is a well established rule in Georgia that a paper is said to be filed, when it is delivered to the proper officer, and by him received to be kept on file." (Citation and punctuation omitted.) *Valentine v. Hammill*, 258 Ga. 582 (372 SE2d 435) (1988).

> The duties of the clerk relating to the filing of pleadings are ministerial in nature, and it is the official duty of the clerk of a court to file all papers in a cause presented by the parties, and to mark them filed, with the date of filing. A paper is said to be filed, when it is delivered to the proper officer, and by that officer received, to be kept on file. Causing a paper to be actually placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in the clerk's office is all that is, in this respect, required of a party. The actual date of filing is the date upon which the paper is handed to the clerk to be filed. So, where [for example] a motion for new trial has been delivered for filing to the clerk, it will be deemed filed even though that officer fails to make the proper entry of filing thereon.

(Citations and punctuation omitted.) *Hood v. State*, 282 Ga. 462, 464 (651 SE2d 88) (2007). See also *Hutchison v. Jarriel*, 286 Ga. 883, 884 (692 SE2d 383) (2010).

Because the registered agent's resignation was effective 31 days after the Secretary of State received the agent notice of resignation, service on him after that

11

date did not constitute service on the corporation. Accordingly, we reverse the grant of default judgment to Manhattan Leasing.

*Judgment reversed. Ray and McMillian, JJ., concur*.